IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHEILA SMITH, )
)
Plaintiff, )
)
v. ) Case No. CIV-09-240-KEW
)
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
)
Defendant. )

## OPINION AND ORDER

Plaintiff Sheila Smith (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on September 9, 1968 and was 41 years old at the time of the ALJ's decision. She completed her education through the tenth grade. Claimant has engaged in past relevant work as a fast food clerk, hotel housekeeper, and poultry worker. Claimant alleges an inability to work beginning December 22, 2005

3

due to lumbosacral spine disorder, seizure disorder, depression, personality disorder with antisocial features, and impulse control disorder.

**Procedural History**

On December 22, 2005, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application for benefits was denied initially and upon reconsideration. On August 4, 2008, Claimant appeared at a hearing before ALJ Charles Headrick in Sallisaw, Oklahoma. On January 16, 2009, the ALJ issued an unfavorable decision. On May 20, 2008, the Appeals Council denied Claimant's request for review. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He found Claimant retained the residual functional capacity ("RFC") to perform her past relevant work as a counter to cleanup work, fast food cook, hotel housekeeper, and poultry packer.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in (1) engaging in a faulty credibility determination; (2) failing to consider all of Claimant's limitations in his RFC evaluation; and (3) downplaying the significance of Claimant's psychological limitations found by consultative examiners.

## Credibility Determination and Physical RFC Evaluation

Claimant's first two issues of error are inextricably connected. Claimant contends the ALJ erroneously discounted Claimant's credibility as to pain because of a lack of contradictory evidence in the medical record demonstrating she can perform at a light work level. Claimant also asserts the ALJ improperly reached an RFC of light work without evidentiary support.

Claimant's ailments stem, in part, from an automobile accident in 1987. (Tr. 29). Claimant testified at the administrative hearing that she could only stand for twenty minutes, sit for twenty to twenty-five minutes, and walk approximately thirty feet before she needed to stop. (Tr. 30-32, 35).

In his decision, the ALJ found the medical record on Claimant's physical condition consisted of views of Claimant's left forearm from April of 2004 which indicated no fracture of

dislocation. In November of 2005, Claimant reported low back pain and was diagnosed with lumbar spine strain. Three views of Claimant's lumbar spine showed no significant radiographic abnormalities. In January of 2005, Claimant reported to the emergency room after a fall where she allegedly hit her head. Four views of the cervical spine were obtained but no abnormalities were noted. (Tr. 14-15).

On Claimant's credibility, the ALJ recited the correct standards for consideration. (Tr. 16-17). He found Claimant's credibility was eroded due to inconsistencies in her testimony and the medical record as related to her physical condition. Although Claimant reported physical impairments, they were not supported by substantial evidence. (Tr. 17).

Ultimately, the ALJ found Claimant suffered from the severe impairments of major depressive disorder, mild cognitive impairment, polysubstance abuse/dependence, in partial remission by self-report, and borderline intellectual functioning. (Tr. 11). His assigned RFC for Claimant permitted her to perform her past light work. (Tr. 18).

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68

F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

In this case, the ALJ accurately assessed Claimant's claims of limitations in light of the entire medical record available to him. This Court finds no deficiencies in his analysis which would warrant reversal.

7

**Mental RFC Assessment**

Claimant next asserts the ALJ failed to properly assess her mental limitations in reaching her RFC. Specifically, Claimant contends the consultative evaluations of Dr. Robert Spray and Dr. Denise LaGrand demonstrated Claimant suffered from mental impairments.

Dr. Spray assessed Claimant on February 15, 2006. (Tr. 203). Dr. Spray diagnosed Claimant with Impulse Control Disorder, Borderline Personality Disorder with anti-social features. (Tr. 205). Claimant's concentration was found to be mildly impaired, her persistence was fair to good, and her pace was normal. (Tr. 206). Concerning the validity of Claimant's reporting during the evaluation, Dr. Spray was not convinced Claimant was totally honest in providing information for the examination and she was certainly vague or evasive about some issues. In his opinion, some of this behavior was attributable to Claimant's personality disorder and marked anti-social tendencies. (Tr. 206-07).

In her report of September 26, 2008, Dr. LaGrand found Claimant was previously diagnosed with Borderline Personality Disorder and Impulse Control Disorder. However, she did not find any criteria based on her examination of Claimant to justify that diagnoses at that time. Dr. LaGrand recognized Claimant had some

8

mild cognitive impairment following multiple head injuries. (Tr. 252-53). Dr. LaGrand's diagnosis was at Axis I: Major Depressive Disorder, moderate, Mild Cognitive Impairment, Polysubstance Abuse/Dependence, in partial remission by self-report; Axis II: Borderline Intellectual Functioning; Axis III: Deferred; Axis IV: Occupational Problems; Axis V: GAF of 50 – serious impairment in occupational functioning, but otherwise functions fairly well. (Tr. 256).

Other evidence belies indications of anti-social behavior. Claimant reported to Dr. Spray that on previous jobs, she "got along well with coworkers and supervisors." (Tr. 206). Further, Claimant testified she went out with friends and family, spent time with others, and went to her friend's house on a regular basis. (Tr. 130-31).

The extent of the mental limitations found by the ALJ and included in his RFC evaluation was supported by substantial evidence and he did not err in his evaluation.

Claimant also argues her GAF of 50 warranted further limitation. Without doubt, a low GAF is not conclusive on the issue of whether a claimant is unable to perform the necessary functions of employment. "The GAF is a subjective determination based on a scale of 100 to 1 of the clinician's judgment of the

individual's overall level of functioning." Langley v. Barnhart, 373 F.3d 1116, 1122 n. 3 (10th Cir. 2004). The Tenth Circuit through a series of unpublished decisions has made it clear that the failure to discuss a GAF alone is insufficient to reverse an ALJ's determination of non-disability. See, Lee v. Barnhart, 2004 WL 2810224, 3 (10th Cir. (Okla.)); Eden v. Barnhart, 2004 WL 2051382, 2 (10th Cir. (Okla.)); Lopez v. Barnhart, 2003 WL 22351956, 2 (10th Cir. (N.M.)). The foundation for this statement is the possibility that the resulting impairment may only relate to the claimant's social rather than occupational sphere. Lee, *supra* at 3. However, a GAF of 50 or less does suggest an inability to keep a job. Id. citing Oslin v. Barnhart, 2003 WL 21666675, 3 (10th Cir. (Okla.)). Specifically, the DSM-IV-TR, explains that a GAF 41 and 50 indicates "[s]erious symptoms (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, inability to keep a job)." Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

An ALJ is required to consider all relevant evidence in the record. Soc. Sec. R. 06-03p. He is not, however, required to discuss every piece of evidence in the record. Clifton v. Chater, 79 F.3d 1007, 1009-10 (10th Cir. 1996). A GAF score may be of

considerable help to the ALJ in formulating the RFC but it is not essential to the RFC's accuracy and "taken alone does not establish an impairment serious enough to preclude an ability to work." Holcomb v. Astrue, 2010 WL 2881530, 2 (Okla.)(unpublished opinion) citing Howard v. Comm. of Soc. Sec., 276 F.3d 235, 241 (6th Cir. 2002). Claimant's range of score would not affect her occupational abilities. Given the findings on other evidence supporting the ALJ's RFC determination as well as the inherent subjectivity of the GAF assessment, this Court does not find error in the ALJ's failure to specifically discuss Claimant's GAF score.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

DATED this 27th day of September, 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE